WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR-12-1298-PHX-GMS (ECV) |
| Plaintiff, | **ORDER** |
| vs. | |
| Gordon Sloan Smith, | |
| Defendant. | |

This case arises on Defendant Gordon Sloan Smith's amended filing entitled Supplemental Motion for Review and Amendment of Pretrial Release Conditions, filed on August 21, 2012, requesting, through his privately-retained Utah *pro hac vice* counsel, an expedited modification of Defendant's pretrial travel restrictions. (Doc. 19[1]) Defendant requests the Court authorize Defendant "to travel within the United States for legitimate family, business or legal reasons [including but not limited to visiting with his attorneys in Utah] with approval granted in advance by pretrial services." (*Id.* at 2) Defendant represents that the assigned AUSA, Frank T. Galati, has no objection to the proposed modification, provided Defendant obtains the approval of his Pretrial Services ("PTS") Officer "in

---

[1] The Motion was initially filed on August 16, 2012, doc. 18, but it was not properly filed in text-searchable format per the Rules of Practice for the United States District Court for the District of Arizona ("Local Rules"). *See* LRCrim 12.1(a) (citing LRCiv 7.1); *see also* LRCiv 7.1(c), 5.5(b), and definition of ".pdf," in the District Court's ECF Manual, at I(A), p. 2. Defense counsel corrected the improper format *sua sponte*.

advance" of any travel. (Doc. 19-1 at 1, email attached) Because the undersigned Magistrate Judge confirmed Defendant's conditions of release imposed in the District of Nevada at Defendant's Phoenix IA and Arraignment, the assigned District Judge, the Honorable G. Murray Snow, referred Defendant's pretrial release modification motion to the undersigned on August 28, 2012, "for review and ruling." (Doc. 22) *See United States v. Sapse*, 2011 WL 1576898, *6 (D.Nev. April 26, 2011) ("[M]otions to modify conditions of release are generally heard by the judge who imposed the original conditions.").

**I. Background**

On July 10, 2012, a District of Arizona grand jury returned a 5-count Indictment against Defendant, charging him with Bankruptcy Fraud (Count 1); Concealment of Assets in Bankruptcy Proceeding (Count 2); Withholding Recorded Information in Bankruptcy Proceeding (Count 3); Fraudulent Transfer of Property (Count 4); and Wire Fraud (Count 5). (Doc. 1) Upon his July 20, 2012 arrest in Carson City, Nevada, where he currently resides, Defendant appeared before a Reno, Nevada magistrate judge. (Doc. 11-9) After counsel was appointed, a detention hearing was held and, over the Government's request that Defendant be detained, Defendant was released that same day on conditions, which included, among others, limitations on Defendant's travel "to the state of Nevada, California, and Arizona for court purposes." (*Id.*; *see also* doc. 13 at 2)

Ten days later, on July 30, 2012, upon written motion of his Nevada AFPD, and over the Government's objection, a Nevada magistrate judge modified Defendant's initial travel restrictions and authorized Defendant to travel to Adin, California, from August 1 to August 6, 2012, with daily telephonic contact with PTS and other restrictions in order that Defendant may "show various properties in this area to several Canadien business associates." (Docs. 11-2 at 1; 11-4 at 2) Despite informing the Nevada PTS Officer that Defendant "has been unemployed since 2010," doc. 23 at 2, Defendant's AFPD represented to the Reno magistrate judge that:

> [s]hould a transaction occur regarding the properties, Mr. Smith anticipates receiving a commission from the sale of the properties. Given Mr. Smith's financial circumstances at this time, any opportunity to generate income is certainly needed

and appreciated. This presents a significant opportunity to generate income.

(Doc. 11-4 at 2) There is no evidence that Defendant is a licensed real estate agent or licensed in any other occupation or profession that would allow him to lawfully broker such real estate sales.

On July 30, 2012, Defendant was ordered to appear for his Arizona Initial Appearance and Arraignment on August 10, 2012 before the undersigned. (Doc. 11-2) Defendant appeared on August 10, 2012 as directed. (Doc. 16) After pleas of not guilty and denials of the forfeiture allegations were entered on Defendant's behalf, a jury trial was set for October 2, 2012. Less that a week later, Defendant filed his second modification motion on August 16, 2012. (Doc. 18)

According to the Nevada bail report, Defendant is 75 years of age, was born in Alberta, Canada, and moved to the United States (Utah) in 1958 where he lived until 1965. (Doc. 23 at 1) Since 1965, Defendant has resided in Costa Rica, Honduras, Florida, Canada, Oregon, Arizona (1997-2009), and in 2009, he moved to Carson City, Nevada. (*Id.*) Defendant is a citizen of Canada and was purportedly naturalized "over 30 years ago" as a United States citizen, which has not been verified by immigration officials. (*Id.*) He has a valid U.S. passport and an expired Canadian passport, which were turned over to Nevada PTS.

Defendant last traveled to Canada two weeks before his arrest "for business purposes[,]" travels frequently to Canada where he has family and friends, and traveled to Europe in 2002 for business. (*Id.*) Defendant married his wife in 1960, and, together, they have six adult children, who live in the United States, and with whom Defendant has a "very good" relationship. (*Id.* at 2) Defendant reported his health is "very good." (*Id.* at 3) Defendant represents he has never consumed alcohol or used illegal drugs. (*Id.*) Defendant has a minimal criminal record with a misdemeanor conviction for Resisting Arrest 20 years ago. (*Id.*) Finally, there is an unverified representation in the Nevada bail report that the arresting agents "believe that the defendant has $250,000 cash unaccounted for and has other

concealed assets." (Doc. 23 at 2)

**II. Bail Reform Act of 1984**

The Bail Reform Act (the "Act"), 18 U.S.C. §§ 3141-3150, authorizes and sets forth the procedures for a judicial officer to order the release or detention of an arrested person, pending trial, sentence, and appeal. *United States* v. *Gentry*, 455 F. Supp. 2d 1018, 1020 (D. Ariz. 2006) (footnote citation omitted). "The Act mandates the release of a person pending trial unless the court 'finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community.'" *United States v. Hir*, 517 F.3d 1081, (9th Cir. 2008) (quoting 18 U.S.C. § 3142(e)); *see also United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985). "The district court has a duty to engage in a two-step inquiry before ordering a defendant released or detained pending trial." *Gentry*, 455 F. Supp. 2d. at 1020 (citation omitted); 18 U.S.C. § 3142(b), (e). "First, the district court must make a finding whether the defendant presents a 'serious risk that such person will flee' if not detained." *Gentry*, 455 F. Supp. 2d. at 1020 (quoting 18 U.S.C. § 3142(f)(2)(A)). "Second, if the defendant is likely to flee, the district court must determine whether some set of conditions would sufficiently vitiate that risk." *Id.* (citation omitted); *see also* 18 U.S.C. § 3142(g).

A district court has the authority to approve the modification of pretrial release conditions mindful of the factors set forth in 18 U.S.C. 3142(g) that such conditions would reasonably assure a defendant's appearance at trial and the safety of the community. *See* 18 U.S.C. § 3142(c)(3) ("The judicial officer may at any time amend the order to impose additional or different conditions of release."); *see also United States v. Roland*, 2005 WL 2318866 (E.D. Va. August 31, 2005). Section 3142(g) requires the district court to consider four statutory factors either in the first instance or on modification of pretrial release conditions: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or

alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (4) the nature and seriousness of the danger to any person or community that would be posed by the person's release. *See* 18 U.S.C. § 3142(g). The weight to be accorded to each of these factors rests in the court's discretion. *See Gentry*, 455 F.Supp.2d at 1020 (citation omitted). The Act, however, mandates release of a defendant facing trial under the "least restrictive" condition or combination of conditions that will reasonably assure the appearance of defendant as required. *See* 18 U.S.C. § 3142(c)(B); *Motamedi*, 767 F.2d 1405. The burden of proof rests with the Government which must establish risk of flight by a preponderance of the evidence, not by the higher standard of clear and convincing evidence. *Motamedi*, 767 F.2d 1406. Reminding the district courts of the presumption of innocence and its corollary that the right to bail should be denied only for the strongest of reasons, the *Motamedi* court indicated that "[o]nly in rare circumstances should release be denied," and "[d]oubts regarding the propriety of release should be resolved in favor of the defendant." *Id*. at 1405, 1407.

## III. Issues

Without mentioning either issue, Defendant's Motion raises two issues 1) whether there has been a material change in Defendant's circumstances since Defendant's detention hearings in July, 2012 in Nevada, and 2) whether Defendant's current travel restrictions are the "least restrictive" combination of conditions that will reasonably assure Defendant's appearance at future court proceedings as required. 18 U.S.C. § 3142(c)(B).

### A. Motion to Reopen Release Conditions

Title 18 U.S.C. § 3142(f) expressly provides, in relevant part, that a detention hearing:

> may be reopened at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f); *United States v. Holloway*, 2011 WL 4625962, at *1 (D. Ariz. Oct. 6,

2011) (citing *United States v. Jacquot*, 2011 WL 1636943, at *2 (S.D. Cal. April 29, 2011); *United States v. Simpson*, 2010 WL 129793, at *3 (D. Utah January 8, 2010). Thus, the "movant," whether prosecutor or defendant, must establish: 1) that information now exists that was not known to the movant at the time of the initial detention hearing, and 2) the new information is material to release conditions regarding flight or dangerousness. *United States v. Bowens*, 2007 WL 2220501, at *1 (D. Ariz. July 31, 2007) (citing *United States v. Hare*, 873 F.2d 796 (5th Cir. 1989) (testimony of defendant's family and friends is not new evidence to warrant reopening of detention).

The rationale for the rule is discussed in *United States v. Flores*, 856 F. Supp. 1400 (E.D. Cal. 1994) where a defendant's motion to reopen detention hearing was denied. "A rule that would not discourage a party for failing to acquire *readily available evidence* for presentation the first time is a rule that encourages piecemeal presentations. Judicial efficiency is not served by such a practice." *Bowens*, 2007 WL 2220501, at *2 (emphasis added); *see also United States v. Ward*, 235 F.Supp.2d 1183, 1185 (N.D. Okl. 2002) (in denying a motion to reopen the issue of pretrial detention, magistrate judge observed that "the proffered information about Defendant's background, ties to the community and employment history were all known" at the time of the detention hearing) (citing *United States v. Dillon*, 938 F.2d 1412 (1st Cir. 1991)).

It appears Defendant is under the mistaken impression that federal law authorizes him to repeatedly file multiple motions to modify his release conditions until he gets the ruling he likes. Except for retaining Utah counsel, Defendant has not made any showing, much less the requisite showing, of a material change in circumstances over the last month that was not available at Defendant's hearings in Nevada. Clearly, a new, privately-retained Utah attorney constitutes a material change that would warrant reconsideration of release conditions under 18 U.S.C. § 3142(c)(3) and (f) to permit travel to Utah to confer with his lawyers.

**B. Least Restrictive Conditions of Release**

As discussed above, if a defendant is released on pretrial supervision, a judicial officer must impose "the *least restrictive . . . condition*, or combination of conditions, that

such judicial officer determines will reasonably assure the appearance of the person as required . . . ." 18 U.S.C. § 3142(c)(1)(B) (emphasis added); *see also Motamedi*, 767 F.2d at 1405; *United States v. Conway*, 2011 WL 3421321, *2 (N.D. Cal. Aug. 3, 2011). The Nevada District Court gave appropriate consideration to the serious nature of the offenses Defendant is charged with in fashioning the least restrictive release conditions. *See United States v. Brown*, 2012 WL 3293719, at *2 (D. Nev. Aug. 9, 2012) (denying defendant's motion to modify pretrial release condition of home incarceration due to court's concerns regarding risk of nonappearance and danger to the community) (citing *United States v. Townsend*, 897 F.2d 989 (9th Cir. 1990) (consideration of the nature of the charges involves consideration of the penalties as motivation to flee)). This Court concurs with the Nevada magistrate judge's decision to release Defendant, as mandated by the Act, and with his current release conditions, including his travel restrictions, which were narrowly tailored to address the flight risk Defendant presents.

**III. Discussion**

Defendant is an experienced, international traveler with friends in, and ties to, Canada, and perhaps Costa Rica and Honduras. He was unemployed at his initial interview with PTS in Nevada only one month ago, yet his lawyers request Defendant be permitted to travel for unspecified "legitimate . . . business . . . reasons." While Defendant is accused of crimes of dishonesty and, most certainly, he enjoys the presumption of innocence, but, as the Ninth Circuit has written, "the effectiveness of the [imposed] release conditions, or any conditions that might be imposed, necessarily depends on [Defendant's] good faith compliance." *Hir*, 517 F.3d at 1093. The Court has not been provided any reason why it should allow this 75 year-old Defendant, who is essentially facing a life sentence of imprisonment if convicted, to freely travel throughout the United States for essentially any familial, business, or legal reason. (Doc. 19 at 2) Defendant's factually unsupported arguments in support of modifying his pretrial release travel conditions do not overcome the Court's concerns regarding Defendant's risk of nonappearance. Nevertheless, having privately retained Utah defense counsel, attorneys Adam D. Ford and Richard W. Linford of

South Jordan, Utah, the Court will grant Defendant's Motion to allow him to travel to Utah to meet and confer with his attorneys and the Court will clarify his current release conditions. All other requested modifications of Defendant's release conditions will be denied.

Accordingly,

**IT IS ORDERED** that Defendant's Supplemental Motion for Review and Amendment of Pretrial Release Conditions, doc. 19, is **GRANTED** in part. Defendant to authorized to travel to Utah only to meet and confer with his attorneys. All other requested modifications of Defendant's pretrial release conditions are **DENIED**.

Finding a material change in circumstances has been shown, *i.e.*, retention of Utah counsel,

**IT IS FURTHER ORDERED** that Defendant's pretrial release conditions are modified as follows:

Defendant's travel is restricted to Nevada for any lawful purpose. Defendant may travel to California, Utah, and Arizona only for conferences with his attorneys and court appearances. Defendant is prohibited from traveling outside the continental United States for any reason.

Defendant may travel to states other than Nevada, California, Utah, and Arizona only with the express **PRIOR** permission of Pretrial Services or the Court. If granted permission by Pretrial Services and in advance of any such travel, Defendant must provide a written, detailed itinerary to Pretrial Services that includes where he will be, with whom he will be, the dates he will be in that location, the method and means of arriving and returning from that location, and a telephone number where he may be reached by Pretrial Services during his travel.

**IT IS FURTHER ORDERED** that Pretrial Services is kindly directed to have Defendant sign the amended release order, or a facsimile thereof, which the Court has already

//
//
//

prepared and signed that is consistent with the July 20, 2012 Nevada release conditions, doc. 13, and this Order, and file herein.

Dated this 31st day of August, 2012.

_____
Lawrence O. Anderson
United States Magistrate Judge

- 8 -